IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ruben Kenneth Hicks, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 8:10-2535-RMG-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 13.] Petitioner is a state prisoner who seeks relief pursuant to Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on September 29, 2010. [Doc. 1.] On December 13, 2010, Respondent filed a motion for summary judgment and a return and memorandum [Docs. 13, 14], which he amended on December 22, 2010 [Doc. 17]. On January 24, 2011, Petitioner filed a response in opposition to Respondent's motion for summary judgment. [Doc. 18.] Having carefully considered the parties' submissions and the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the

Clerk of Court for Spartanburg County. On May 11, 2006, Petitioner was indicted for murder. [App. 31–32.] He was represented by Clay T. Allen ("Allen") on the murder charge. [App. 4.] On June 7, 2007, Petitioner pled guilty to the lesser included offense of voluntary manslaughter. [App. 1–30.] Petitioner was sentenced to twenty-five years imprisonment. [App. 29, 33.]

**PCR Proceedings**

Petitioner filed a pro se application for post-conviction relief ("PCR") on September 18, 2007 [App. 34–40], alleging involuntary guilty plea and ineffective assistance of counsel [App. 36; Doc. 1 at 2–3]. As supporting facts for his involuntary guilty plea claim, Petitioner argued that he "was told [he] was facing 5 years"; as supporting facts for his ineffective assistance of counsel claim, he argued that trial counsel "lied to [Petitioner], and didn't do his job." [App. 36.]

The State made a return to Petitioner's PCR application on January 15, 2008. [App. 41–44.] An evidentiary hearing was held on May 28, 2008.[1] [App. 49–73.] At the evidentiary hearing, Petitioner was represented by J. Hayes Walsh, and the PCR court heard testimony from Petitioner, Petitioner's father, and trial counsel, Allen. [*Id.*] On June 30, 2008, the PCR court denied and dismissed Petitioner's PCR application.[2] [App. 74–80.]

On April 2, 2009, Kathrine H. Hudgins filed a *Johnson* petition for writ of certiorari on Petitioner's behalf [Doc. 14-2]. The *Johnson* petition raised the following issues: (1)

---

[1]Before the evidentiary hearing, Petitioner moved to remove counsel and requested a continuance. [App. 74.] The PCR court denied both of these motions. [*Id.*]

[2]The Order of dismissal was filed on July 7, 2008. [App. 74–80.]

"Was the guilty plea to voluntary manslaughter resulting in twenty-five year sentence rendered involuntary by the fact that petitioner believed he was entering a guilty plea to [] involuntary manslaughter for a five year sentence?"; and (2) "Did the PCR judge err in refusing to find counsel ineffective for failing to file a notice of intent to appeal?" [Doc. 14-2 at 3.] Petitioner did not file a pro se response to the *Johnson* petition. [Doc. 17 at 9; Doc. 14-3.] Certiorari was denied on October 21, 2009. [Doc. 14-3.] Petitioner's petition for rehearing was likewise denied. [Doc. 14-4.] The Supreme Court issued remittitur on December 1, 2009. [Doc. 14-5.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this petition for writ of habeas corpus on September 29, 2010 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following grounds for relief, quoted substantially verbatim:

> Ground One: Conviction obtained by plea of Guilty was unlawfully induced and not made voluntarily.
>
> Supporting Facts: Applicant Pled because per his Attorney, he was led to believe he was pleading to a Five year sentence.
>
> Ground Two: (I) Denial of effective Assistance of Counsel
>
> Supporting Facts: Applicant Alledged that trial counsel failed to properly investigate his case.

[Doc. 1.] As previously stated, Respondent filed a motion for summary judgment on December 13, 2010 [Doc. 13], which is now ripe for review.

3

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe

his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519,

520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon*

*v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   Pro se pleadings are held to a less

stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520.  Even under

this less stringent standard, however, the pro se Petition is still subject to summary

dismissal. *Id.* at 520–21.  The mandated liberal construction means only that if the court

can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court

may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved

for summary judgment:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would

affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

>         (b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>                 (A) the applicant has exhausted the remedies available in the courts of the State; or

7

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).  Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds for relief be stated in the direct appeal or PCR application.  S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C.

8

Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.   S.C. R. Civ. P. 59(e).   Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.   *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[3]   Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.   For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.   S.C. App. Ct. R. 203(b)(2), (d)(1)(B).   A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.   S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.   *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).   Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

10

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## DISCUSSION

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1). The Court agrees.

13

**Expiration of Limitations Period**

Petitioner had one year from June 18, 2007, ten days after his guilty plea and sentence[4], to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1).  Petitioner's one-year period in which to file a federal habeas petition would be tolled during the pendency of an application for post-conviction or other collateral relief properly filed in state court.  *Id.* § 2244(d)(2).  Respondent concedes that the statute of limitations was tolled during the period the PCR application was pending—from September 18, 2007 until December 1, 2009.

Even though the limitations period was tolled during the pendency of Petitioner's PCR application, the Petition is not timely.  When Petitioner filed his PCR application, 92 days of the limitations period had elapsed—from June 18, 2007 until September 18, 2007—leaving 273 days for Petitioner to file a federal habeas petition.  The judgment in Petitioner's PCR application was final on December 1, 2009, when the Supreme Court issued remittitur; thus, the limitations period began to run again on that date, and by August 31, 2010, Petitioner's remaining time, 273 days, had elapsed.  Consequently, the § 2244(d)(1) limitations period ran on August 31, 2010, and the Petition, filed on September 29, 2010, is time-barred.

**Equitable Tolling**

Petitioner failed to show that he is entitled to equitable tolling.  The limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights

---

[4]As previously stated, Petitioner did not file a direct appeal.  Therefore, his plea entered on June 7, 2007 became final upon the expiration of the ten-day period in which he could have filed a direct appeal.  *See* Rule 203(b)(2), SCACR.

and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). In his response in opposition, Petitioner asserts his Petition should not be dismissed on the limitation issue because he was

> never appraised of the rules governing the 'AEDPA' by his plea counsel, PCR counsel, or appellate counsel, and by [P]etitioner being a lay person with respect to matters of law, was under the assumption that the one year deadline to file his habeas application would only begin at the conclusion of petitioner's writ of cert[iorar]i to the State Supreme Court (remittitur Filed: Dec. 1, 2009), starting the deadline clock at that time with it's end being December 1, 2010, thereby petitioner would not be in violation of the one year time deadline by the twenty-five (25) days as Respondent contends but within the time deadline by sixty days (60).

[Doc. 18 at 6.] Petitioner further argues,

> at the time of filing of his habeas application he was unaware that the three (3) months befor[e] he filed his PCR application, (June 19-Sept 27, 2007) would be held and assessed ag[a]inst him when and if he had to file a federal habeas application. Petitioner's application was notarized on July 19, 2010 but Petitioner, believing that he still had ample time left to file his application, chose to proof his application befor[e] sending it in because as he stated, he is a layperson in matters of law and wanted to be sure he had it filled out right. After proofing the application, Petitioner filed said application in the prison mailroom on Sept. 27, 2010 with the belief he had another sixty (60) days befor[e] the deadline.

[*Id.* at 6–7.] Finally, Petitioner argues he was "diligently pursuing his rights" by filing the PCR application, writ of certiorari, petition for rehearing, and this Petition [*id.* at 7], and appears to argue that counsels' failure to apprise him of the AEDPA statute of limitations rises to the level of a serious instance of attorney misconduct that would support equitable tolling [*id.* at 7–8].

15

In *Harris v. Hutchinson*, a §2254 petitioner argued that even if the one-year period had run, "equitable tolling should be applied . . . because he relied on the negligent and erroneous advice of his counsel who misadvis[ed] him of the deadline for filing this habeas petition and because precedent at the time counsel gave him the advice was not clear." 209 F.3d 325, 328 (4th Cir. 2000) (internal quotation marks omitted) (alterations in original). The Fourth Circuit noted that equitable tolling "has been applied in 'two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.'" *Id.* at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)). The court stated,

> But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> There is no allegation . . . that the State of Maryland contributed in any way to Harris' delay in filing his petition. Therefore, to invoke equitable tolling, Harris must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit.
>
> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to

16

> have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that extraordinary circumstance external to Harris that would justify equitable tolling.

*Id.* (internal quotation marks and citations omitted); *see also Carlson v. Houston*, No. 4:05CV3012, 2005 WL 1221828, at *1 (D. Neb. May 23, 2005) (denying and dismissing a § 2254 petition where the petitioner argued he was entitled to equitable tolling because his two attorneys failed to inform him of the AEDPA's one-year statute of limitations; the court stated, "An inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the statute of limitations.").

If a petitioner is not entitled to equitable tolling because his attorney misinformed him about the AEDPA's statute of limitations, it follows that a petitioner is not entitled to equitable tolling when his attorney fails to inform him of the statute of limitations. *Harris*, 209 F.3d 325; *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Boyles v. Virginia*, No. 7:05-CV-00075, 2005 WL 2233578, *3 (W.D. Va. Sept. 13, 2005) ("Mere lack of knowledge as to a statutory deadline for filing federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief [as equitable tolling]."); *King v. Angelone*, No. 2:02CV82, 2002 WL 32589034, *5 (E.D. Va. Sept. 24, 2002) ("Ignorance of the law has never been a valid excuse for untimely filing. As for petitioner's argument that his trial counsel never informed him of his right to file a federal habeas petition, the

Court[ ] finds that this argument is no different from the ignorance of the law argument." (citations omitted)).  Petitioner does not allege extraordinary circumstances beyond his control or external to his own conduct that prevented him from filing on time.  Further, Petitioner had 273 days of statutory time remaining to file a federal habeas petition after remittitur was issued with respect to his PCR application.  Therefore, the Court finds Petitioner is not entitled to equitable tolling because no extraordinary circumstance prevented Petitioner from timely filing the Petition.

**CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 22, 2011
Greenville, South Carolina