IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ruben Kenneth Hicks,<br>    Petitioner, | Case No. 8:10-2535-RMG |
| v. | **ORDER** |
| Leroy Cartledge, Warden,<br>    Respondent. | |

In this case, Petitioner filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(c) and (e), D.S.C. The Magistrate has issued a Report and Recommendation which recommends that Respondent's motion for summary judgment be granted and that Petitioner's Petition be denied. (Dkt. No. 27.) The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner failed to file any objections to the Report and Recommendation. As explained herein, this Court adopts the Report and Recommendation and grants Respondent's motion for summary judgment.

## LAW/ANALYSIS

The Magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation

to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. The record reflects that the Petitioner did not file his Petition for a writ of habeas corpus within the statute of limitations set forth in 28 U.S.C. §2241(d). Further, Petitioner's contention that he is entitled to equitable tolling of the statute of limitations is unsupported by law. The statute of limitations period may be equitably tolled if Petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstances stood in his way and prevented him from timely filing his habeas petition. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Because Petitioner has failed to establish the second element, equitable tolling is not appropriate in this case.

In support of the second element, Petitioner argues that he was unaware that the time period in between the date on which judgment against him became final and the date on which he filed an application for post-conviction relief would count toward the one-year statute of limitations set forth in 28 U.S.C. § 2241(d)(1). (*See* Dkt. No. 18, at 6-7.) Petitioner also argues that he was never informed of the statute of limitations rules "by his plea counsel, PCR counsel, or appellate counsel." (*Id.* at 6.) However, as correctly stated in the Magistrate's Report and Recommendation, neither

Petitioner's ignorance of the law nor the failure of Petitioner's counsel to educate Petitioner regarding the law constitutes an extraordinary circumstance entitling Petitioner to equitable tolling. *See, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (holding that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (holding that ineffective assistance of counsel generally will not constitute extraordinary circumstances justifying equitable tolling where the prisoner had no constitutional right to counsel); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (holding that a mistake by a party's counsel in calculating the statute of limitations does not constitute an extraordinary circumstance for purposes of equitable tolling); *Boyles v. Virginia*, No. 7:05-CV-00075, 2005 WL 2233578, *3 (W.D. Va. Sept 13, 2005) ("Mere lack of knowledge as to a statutory deadline for filing federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief [as equitable tolling]."). Because Petitioner has not identified any extraordinary circumstances beyond his control or external to his own conduct that stood in the way of filing a timely Petition, the Court agrees with the Magistrate that Petitioner is not entitled to equitable tolling. Thus, Petitioner's Petition is barred by the statute of limitations, and summary judgment is appropriate.

Based on the above authority and the record in this matter, the Court finds no error of law made in the Magistrate's Report and Recommendation.

## CONCLUSION

After a thorough review of the record, the Magistrate's Report and Recommendation, and the relevant case law, the Court finds that the Magistrate applied sound legal principles to the facts of this case. Therefore, the Court adopts the Magistrate's Report and Recommendation in its entirety as the

Order of this Court, and the Respondent's motion for summary judgment is **GRANTED**.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **denied.**

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 12, 2011
Charleston, South Carolina